IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD CURRY ADAMS, #284 126, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.:  2:12-CV-834-TMH |
| ) | [WO] |
| OFFICER F. CARTER, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, is currently incarcerated at the Kilby Correctional Facility located in Mt. Meigs, Alabama.  He filed  this 42 U.S.C. § 1983 on September 27, 2012. Among the named defendants are the  Alabama Department of Corrections and the State of Alabama.  Upon review of the complaint, the court concludes that Plaintiff's claims against these two defendants are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  DISCUSSION

The State of Alabama  and the Alabama Department of Corrections are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986);

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims

against the State of Alabama and the Alabama Department of Corrections  are "based on an

indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous

under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff claims against the State of Alabama and the Alabama Department of

Corrections  be DISMISSED with prejudice prior to service of process under 28 U.S.C. §

1915(e)(2)(B)(i);

2.  The State of Alabama  and the Alabama Department of Corrections be

DISMISSED as parties to this cause of action; and

3.  This case with respect to Plaintiff's claims against the remaining defendant be

referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **January 16, 2013** Plaintiff may file an objection to the

Recommendation.   Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of January 2013.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE